IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DISABILITY LAW CENTER OF VIRGINIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:19cv349 |
| | ) |
| DEPAUL COMMUNITY RESOURCES, | ) |
| | ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

Plaintiff, disAbility Law Center of Virginia ("dLCV"), filed this action seeking a copy of the Internal Investigation, Root Cause Analysis ("RCA") prepared by DePaul Community Resources ("DePaul") following the October 29, 2018 death of a disabled resident at a sponsored residential provider's home. The dLCV is investigating that death.

Prior to this litigation, DePaul received a request from dLCV for information relating to the resident's death. DePaul provided the underlying records requested, included all records relied on to prepare the RCA. DePaul, however, asserted and continues to assert that the RCA and interviews conducted following the resident's death were prepared in anticipation of litigation and are privileged and protected from disclosure by the work product doctrine. *See, e.g.,* Virginia Code § 8.01-420.7 (protecting work product in accordance with Rule 4:1 of the Rules of the Supreme Court of Virginia when dealing with a public body under Va. Code § 2.2-3701, such as dLCV); Va. S. Ct. Rule 4:1(b)(3) (protecting work prepared in anticipation of litigation "by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent)"); Fed. R. Civ. P. 26(b)(3), Advisory Cmt. Note (1970) (recognizing work product protection extends, not merely to materials prepared by an attorney or at the direction

of an attorney, "but also … to materials prepared in anticipation of litigation … by or for a party or any representative acting on [its] behalf.").

To address DePaul's privilege claim, the dLCV offered to enter into a confidentiality agreement to protect the RCA from disclosure. In response, DePaul pointed out that such an agreement may nonetheless result in a waiver of the privilege as to third-parties if the RCA is deemed voluntarily provided to dLCV, even with an agreement between the parties to maintain any privilege.  *See, e.g.*, *In re Mut. Funds Inv. Litig.*, 251 F.R.D. 185, 187 (D. Md. 2008) (finding "[t]he defendants' voluntary disclosure of otherwise protected material to the SEC and NYAG, despite the entry of a confidentiality agreement, results in waiver."); Fed. R. Evidence 502(e) ("An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."); *cf.* Va. Code § 8.01-420.7(D) ("An agreement on the effect of the disclosure in a proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.").

The dLCV contends that the work product doctrine does not apply because the report was produced under a recently revised state regulation, 12VAC35-105-60 (Exhibit A), that requires medical providers like DePaul to produce such reports in circumstances like this whether litigation is foreseen or not. *See Solis v. Food Employers Labor Relations Assoc.*, 644 F.3d 221, 231-32 (4th Cir. 2011)("'Materials prepared . . . pursuant to regulatory requirements'. . . do not constitute 'documents prepared in anticipation of litigation' protected by work product privilege")(*citing Nat'l union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)). DePaul contends that the doctrine still applies despite any regulatory requirement citing *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, 2013 Bankr. LEXIS 589, at *16-17 (Bankr. E.D. Va. 2013)(applying work product privilege to document created in a highly regulated industry).

Even if work product were to apply, dLCV contends its unique position as a federally mandated and federally funded protection and advocacy (P&A) organization for disabled persons grants it broad access to records such as those here. PADD Act 42 U.S.C. §§ 15001–115 (2006); 45 CFR 1386.22 & .25(b). As such, the dLCV contends it is uniquely entitled to this report despite the work product privilege. *Iowa Protection and Advocacy Services v. Rasmussen*, 206 F.R.D. 630, 643 (S.D. Iowa 2001)(holding that under the PADD Act a P&A agency was entitled to an investigative report "regardless of whether it is, in fact, covered by the work product doctrine"). Therefore, by operation of law, DePaul must produce the RCA to the dLCV, without waiving any privilege (should one apply) as to any other party. *See Disability Rights North Carolina v. Moses H. Cone Memorial Hosp.*, 2013 WL 4854316, at *4 (Sept. 11, 2013 M.D. N.C.)(ordering production of peer review records to P&A under companion statute but finding that defendant "has not waived its peer review privilege" because "Defendant is required to produce these records to Plaintiff as a matter of law").

To address the parties' respective concerns regarding production of the RCA, the dCLV and DePaul have agreed that DePaul will produce the RCA following entry of an Agreed Protective Order that is entered by this Court, in accordance with Federal Rule of Evidence 502(d), which provides: "Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." *Cf.* Va. Code § 8.01-420.7(C) ("A court may order that the privilege or protection is not waived by the disclosure connected with the litigation pending before the court, in which case the disclosure does not operate as a waiver in any other proceeding.").

Accordingly, with the consent of the parties, and the Court's finding that good cause exists for the entry of a Protective Order, it is hereby ORDERED as follows:

1. DePaul shall produce a copy of the final RCA to dLCV following entry of this Order;

2. DePaul's production of the RCA to dLCV shall not operate as a waiver of any privilege, including the work product privilege, and DePaul remains entitled to assert privilege in any later proceeding;

3. The dLCV is uniquely entitled to receive the RCA even if work product or peer privileges apply;

4. The dLCV shall maintain the RCA as confidential to the extent required by law; and

5. This Order, upon entry, resolves the pending dispute between the parties; thus, the dLCV shall voluntarily dismiss this action following entry of this Order.

IT IS SO ORDERED:

Date:                                                    Entered:

June 3, 2019                                       Michael F. Urbanski
_____                         _____
                                                         United States District Court Judge